M. A. ENYEART, Appellant, v. OLE PETERSON, Respondent.

Springfield Court of Appeals, November 23, 1914

1. **EVIDENCE: Description in Contract: Additional Evidence: Fraud.** Action for damages on account of fraud in an exchange of land. The written contract contained the general description of the land of the defendant with improvements thereon. Evidence of an additional description of the land was properly rejected, there being no showing that it emanated from

or had ever been recognized by the defendant as an authorized description of the land and improvements thereon.

2. ————: **Preliminary Proof: Failure to Make:. Offer.** Certain evidence having been rejected properly because proper preliminary proof had not been made, such evidence after the making of such preliminary proof must be again offered in order to make its rejection a basis for assignment of error.

3. **APPELLATE PRACTICE: Instructions: Harmless Error.** Action for damages on account of fraud in an exchange of land. Plaintiff relied solely upon the representations contained in the written contract. Though contrary to the usual rule, an instruction wherein the jury was told that no consideration should be given any statements or representations made by either party prior to the execution of the contract, did not constitute reversible error.

4. **EVIDENCE: Exchange of Land: Fraud.** Action for damages on account of fraud in the exchange of land. Plaintiff having introduced her evidence of the value of the land which she traded, defendant was properly allowed to show the true value thereof.

Appeal from Howell County Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*J. C. Dyott* for appellant.

(1) In an action for damages for fraud, inducing one to convey his land in exchange for other lands based upon fraudulent representations, as to the quality, location, and value of the other lands, the value of the land conveyed by the plaintiff for the other land is not in issue; the parties having examined such land. Boyce v. Goodrich, 154 Mo. App. 198. (2) Where fraud and mistake are pleaded as the base of the action all statements and acts leading up to the making of the contract complained of are admissible, and the instruction to the jury as set forth in the third instruction is clearly in error, and misleading to the jury. Judd v. Walker, 215 Mo. 335; Burger v. Boardman, 162 S. W. 197.

*N. B. Wilkinson* for respondent.

There were really only two issues involved in the trial of this case. And these issues being wholly questions of fact for the jury, the jury having passed upon them, and there being substantial evidence supporting their finding, this court will not say that the jury reached a wrong conclusion upon the issues submitted.

ROBERTSON, P. J.—Plaintiff owned a large tract of land in Nebraska and defendant owned eighty acres in Howell county, this State. They traded farms and the plaintiff claiming to have been defrauded by the defendant, brought this suit to recover damages. Upon a jury trial a verdict was returned for the defendant and plaintiff has appealed. The parties to the suit are married women whose sons transacted most of the business which resulted in the trade.

The petition in this case first sets out in full the contract for exchange which is dated January 30, 1913, which contains a general description as to the location of defendant's land and undertakes to describe the improvements thereon. The petition then proceeds to allege that as a further inducement to enter into said contract the defendant caused to be presented the plaintiff a description of the land which represented there were other improvements on defendant's land than were described in the contract.

There are but few questions involved. One is as to the failure of the trial court to admit in evidence the additional written description of the defendant's land, and another is as to an instruction given in behalf of the defendant wherein the jury was told that this action is founded upon a written contract and that in determining the issues no consideration should be given any statements or representations made by either of the parties prior to the execution of the contract as such representations and statements were merged in and governed by it. At the time the plaintiff

offered in evidence the additional land description there had been no showing made that it emanated from or had ever been recognized by the defendant as an authoritative description of her land and the improvements thereon. The defendant objected for this reason and the court sustained the objection. Afterwards the plaintiff offered testimony tending to prove that this description was reported by the defendant to be correct but did not thereafter offer the description in evidence. It is clear, therefore, that the trial court cannot be convicted of error in excluding it at a time when it was inadmissible.

While the court's instruction above referred to violated the rule that a defrauded party is not confined in his action to testimony of the ultimate agreement between him and the party who has defrauded him (Judd v. Walker, 215 Mo. 312, 335, 114 S. W. 979) yet in a case of the character of the one now under consideration, where the plaintiff has cast her allegations solely on the representations contained in the contract, there is no reversible error in the giving of the instruction complained of.

The plaintiff also complains that error was committed by the trial court in allowing evidence to be introduced as to the value of the Nebraska land. This complaint, however, came too late. The plaintiff first offered much testimony to this effect and did not complain of it until the defendant commenced showing the small value of the Nebraska land. If it was error to admit this evidence plaintiff induced it and has foreclosed her right to complain, even though she may have been worsted on this issue. The instructions were silent on this phase of the case.

There being no reversible error in the case the judgment will be affirmed.

*Farrington, J.,* concurs. *Sturgis, J.,* concurs, except as to the criticism of the defendant's instruction above mentioned.